# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KRYSTAL MARSHALL and  )
MILTON DAVISON, )
 )
              Plaintiffs, )
 )
vs. ) Case No. 17-1090-JTM-KGG
 )
BREAKING BENJAMIN, *et al.*, )
 )
              Defendants. )
 )

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES and
## REPORT & RECOMMENDATION FOR DISMISSAL
## OF CERTAIN CLAIMS AND DEFENDANTS

Plaintiffs' federal court Complaint, filed jointly and *pro se*, brings various claims against the Defendants including disability discrimination, battery, false arrest, civil conspiracy, outrage, and violations of their constitutional rights. (*See generally* Doc. 1.) In conjunction with their federal court Complaint, Plaintiffs have each filed a Motion to Proceed Without Prepayment of Fees (*IFP* Applications, Docs. 3 and 4, sealed), with accompanying Affidavits of Financial Status (Docs. 3-1 and 4-1, sealed). Having reviewed Plaintiffs' motion, as well as their accompanying financial affidavits and joint Complaint, the Court **GRANTS** both Plaintiffs' motions for *IFP* status. The Court does, however, **recommend** that Plaintiffs' claims against certain Defendants be dismissed for failure to state a

viable federal cause of action.

## DISCUSSION

**I.      Motion to Proceed Without Prepayment of Fees.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In her supporting financial affidavit, Plaintiff Krystal Marshall indicates she is 40 years old and single with no dependents. (Doc. 3-1, sealed, at 1-2.) She is currently employed as the caretaker for her co-Plaintiff, earning a small monthly

income. (*Id.*, at 2.) She lists no other sources of income. She owns no real property, but does own modest automobile outright, which is also titled in the name of her co-Plaintiff. (*Id.*, at 3-4.)

Plaintiff Marshall lists significant monthly monthly expenses, including rent, groceries, gas, insurance, telephone, and utilities, which far exceed her stated monthly income. (*Id.*, at 5.) Given their shared address, the Court surmises the amount listed for rent is for both Plaintiffs jointly. She has never filed for bankruptcy. (*Id.*, at 6.)

Plaintiff Milton Davison indicates he is 65 years old and separated with no dependents; he does not know the location of his estranged spouse. (Doc. 4-1, sealed, at 1-2.) He is not employed but receives month Social Security benefits. (*Id.*, at 2, 4.) He lists no other sources of income. He owns no real property, but does own the aforementioned automobile outright. (*Id.*, at 3-4.)

Plaintiff Davison lists typical monthly expenses in virtually the same amounts as his co-Plaintiff. (*Compare* Doc. 3-1, at 5 to Doc. 4-1, at 5.) The Court surmises they are shared expenses, particularly given Plaintiff Marshall's limited income. Plaintiff Davison has never filed for bankruptcy. (*Id.*, at 6.)

Considering all of the information contained in the financial affidavit, the

Court finds that Plaintiffs have established that their access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court **GRANTS** Plaintiffs leave to proceed *in forma pauperis* (Doc. 3, sealed; Doc. 4, sealed).

**II.    Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a

4

plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." **Fisher v. Lynch**, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555, 127 S.Ct. 1955,

1964-65, 167 L.Ed.2d 929 (2007), and **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." **Fisher**, 531 F. Supp.2d at 1260 (citing **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." **Kay v. Bemis**, 500 F.3d at 1218 (citing **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. **Monroe v. Owens**, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed.R.Civ.P. 8(a). After reviewing Plaintiffs' Complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon

which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiffs have named a long list of Defendants in this action. (*See* Doc. 1, at 1-2.) Two of the Defendants are not, however, mentioned anywhere in the factual allegations or in the context of the legal assertions contained in Plaintiffs' Complaint – Brian D. Caplan (attorney for Breaking Benjamin) and "Kansas Bar Association Employee Lauree." (*See generally* Doc. 1.) Thus, the Court is unable to glean any viable cause of action against these two Defendants arising out of the allegations stated by Plaintiffs. The Court **recommends** that the District Court **dismiss** these two Defendants from this case.

Plaintiffs have also failed to allege sufficient facts to state a claim which is plausible – rather than merely conceivable – as to Defendant Correctional Care Solutions. *See* **Fisher**, 531 F. Supp.2d at 1260. Plaintiffs obliquely contend that the actions of "an additional Defendant CCS unidentified female employee" constitute "the attempted murder elimination of witness Plaintiff MJD on September 3-4, 2016 . . . ." (Doc. 1, at 11.) The Complaint alleges that Plaintiff Davison attended the Dueling Piano Bar on that date and was "served . . . with alcohol; and then later kick him out [sic] because his disabilities became 'disturbing' to a customer." (*Id*., at 7.) The Complaint does not, however, allege

how this relates to Correctional Care Solutions and/or its employees. Nothing in the Complaint links this Defendant with these events.

Plaintiffs also state that "CCS was attempting to drug [Davison] to death." (*Id*.) This factually unsupported statement does not, on its face, provide the potential Defendant with sufficient notice of the claims asserted so that Defendant could provide an appropriate answer. *Monroe*, 2002 WL 437964. The Court thus **recommends** that the District Court **dismiss** Defendant Correctional Care Solutions from this case.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for *IFP* status (Docs. 3 and 4) are **GRANTED**.

**IT IS RECOMMENDED** to the District Court that Plaintiffs' claims against Defendants Correctional Care Solutions, Brian D. Caplan, and "Kansas Bar Association Emoployee Lauree" be **dismissed**.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiffs *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiffs shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve

and file with the U.S. District Judge assigned to the case, their written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiffs' failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 23rd day of May, 2017.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge