IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRYSTAL M. MARSHALL, and
MILTON J. DAVISON,

        Plaintiffs,

v.                                          Case No. 17-1090-JTM

NEW ENGLAND AUDIO, LLC, *et al.*,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on a *pro se* motion for default judgment by plaintiffs (Dkt. 71) and a motion summary judgment by New England Audio, LLC. (Dkt. 79). For the reasons stated herein, the motion for default judgment is denied and the motion for summary judgment by New England Audio is granted.

**I. Motion for Default Judgment (Dkt. 71)**

Plaintiffs filed a "Notice Motion for Default Judgment," apparently against all of the defendants named in the complaint, for allegedly failing to answer in a timely manner.

Default may be entered when a party "has failed to plead or otherwise defend…." Fed. R. Civ. P. 55(a). Plaintiffs fail to show they are entitled to relief under this provision. The motions to dismiss or for other relief filed by defendants under Rule 12 qualify as "otherwise defend[ing]" the claims within the meaning of Rule 55 and make default judgment inappropriate. *See Watson v. Mylan Pharmaceuticals, Inc.*, No. 16-2449, 2016 WL

6996263, * (Nov. 30, 2016) (defendant filed responsive pleading in the form of its Rule 12(b)(6) motion to dismiss and therefore "has not failed to plead or otherwise defend as required by Rule 55").

### II. New England Audio Motion for Summary Judgment (Dkt. 79)

The complaint alleged that New England Audio, LLC, d/b/a Rainbow Production Services, Inc., was liable to Krystal Marshall for an incident at the Cotillion Ballroom in Wichita, Ks., on May 4, 2016, when Marshall was allegedly discriminated against, assaulted, unlawfully imprisoned, and otherwise tortuously harmed. New England Audio moves for summary judgment, asserting that none of its employees were present at, were responsible for, or had any involvement in the incident alleged by plaintiffs. The assertions are supported by an affidavit of Thomas L. Hejnicki, the Chief Financial Officer of New England Audio. (Dkt. 80-1). Plaintiffs have not responded to the motion for summary judgment, and the time for doing so has expired.

Under the local rules of this court, all material facts in the statement of the movant "will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party." D. Kan. R. 56.1(a).

Under the uncontroverted facts showing that no New England Audio (or Rainbow Production) employee was present at, had any responsibility for, or was involved in the incident alleged by plaintiffs, the court concludes that plaintiffs have failed to show any possible basis for New England Audio to be liable for any of the claims alleged.

**IT IS THEREFORE ORDERED** this 20th day of February, 2018, that plaintiffs' Motion for Default Judgment (Dkt. 71) is DENIED. It is further ordered that the Motion

for Summary Judgment (Dkt. 79) by defendant New England Audio, LLC, d/b/a Rainbow Production Services, Inc., is GRANTED; the claims against this defendant are dismissed with prejudice.

                                                  ___s/ J. Thomas Marten_____
                                                  J. THOMAS MARTEN, JUDGE