IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRYSTAL MARSHALL,

    *Plaintiff,*

vs.

BENJAMIN BURNELY, *et al.*,

    *Defendants.*

Case No. 17-1090-EFM

**MEMORANDUM AND ORDER**

Pro se plaintiffs Milton Davison and Krystal Marshall brought this action against some two dozen defendants, based on events which allegedly occurred while they were attending an alternative rock band performance at the Cotillion Ballroom in Wichita, Kansas. Plaintiffs sued the bar, the band, its members, various promoters, and numerous other individuals.

On December 15, 2017, the Court granted the Motions to Dismiss filed on behalf of most of the Defendants, denying only the motion filed by Defendant Dueling Piano Bar. Recognizing that its Order disposed of all claims then advanced by Plaintiff Marshall, the Court directed her to file an amended complaint no later than December 28, 2017. Marshall never responded, and on April 5, 2018, the Court directed that Judgment be entered against her pursuant to Fed. R. Civ. P. 54(b).

The Court soon resolved the remainder of the action, that is, Plaintiff Davison's claims against Defendants New England Audio, LLC, Dueling Piano Bar, and Bob Adams. On

February 20, 2018, the Court granted the Motion for Summary Judgment of Defendant New England Audio, LLC.  On June 13, 2018, the Court granted the Motion to Dismiss of Defendant Bob Adams.  Plaintiff Davison wrote to the Court on June 29, 2018 to state that he "had no intent to sue Dueling Piano [but] [m]y daughter insisted that I do so."  Three days later, the Court dismissed the remainder of the case.

The matter is now before the Court on Plaintiff Marshall's Motion for Relief "Under Federal Rules of Civil Procedure 60A and 60B."  The Motion advances claims of "murder cover-ups . . . GENOCIDING my entire family," which, judging from the attachments to Marshall's Motion, appear to relate to a series of crimes in New England discovered in the 1980s.  The Motion identifies no error in this Court's prior rulings.

A motion for relief from judgment under Rule 60(a) is limited to minor errors—a "clerical mistake" or "a mistake arising from oversight."  "Errors that affect substantial rights of the parties . . . are beyond the scope of [R]ule 60(a)."[1]  Plaintiff identifies no error of a clerical nature in the Court's prior Orders.

A motion for relief under Rule 60(b) must be made "within a reasonable time."[2]  The Court entered Judgment against Plaintiff Marshall on April 5, 2018.  Again, the Motion lacks any hint of validity.  Moreover, the Motion for Relief, filed four years after Judgment, offers no rationale at all for the delay.  The motion is manifestly untimely.

---

[1] *Weeks v. Jones*, 100 F.3d 124, 128 (11th Cir. 1996).

[2] Fed. R. Civ. P. 60(c)(1)

**IT IS ACCORDINGLY ORDERED** that Plaintiff Marshall's Motion for Relief (Doc. 109) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 12th day of June, 2023.

*[signature]*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE